**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VAROUJ ZADOURIAN; VANO ZADOURIAN; VAHE ZADOURIAN; VAYLET SOOKAZIAN LIVASGANI; VACHE ZADOURIAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71488 <br><br> Agency Nos.   A088-105-003 <br>              A088-105-000 <br>              A088-105-001 <br>              A088-105-002 <br>              A088-105-004 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2014[**]
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul L. Friedman, District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

Varouj Zadourian, Vano Zadourian, Vahe Zadourian, and Vaylet Sookazaian Livasagani, natives of Iran and citizens of Sweden, and Vache Zadourian, a native and citizen of Sweden, petition for review of a decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners claim past persecution and a fear of future persecution in Sweden because of their Christian religion and Vahe's involvement in a criminal prosecution as a witness against Islamic gang members who stabbed his friend. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

1. Petitioners failed to establish eligibility for any form of relief. The evidence before the immigration judge did not compel the conclusion that the Swedish government was unable or unwilling to control the individuals allegedly harassing the Petitioners. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam). Given the Swedish government's swift and effective response to previous incidents, Petitioners' speculative fear of future persecution in Sweden does not support an asylum claim. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Because Petitioners failed to establish eligibility for asylum, they necessarily failed to demonstrate eligibility for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Substantial evidence also supports the BIA's denial

2

of relief under the CAT, as Petitioners have presented no evidence demonstrating that it is more likely than not that they will be tortured if returned to Sweden. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

2. Petitioners also did not establish that the immigration judge's refusal to consider an untimely filed document may have affected the outcome of the proceedings. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010).

**DENIED.**

3